UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL KORSINSKY,

                                                    13-cv-

                Plaintiff,

   - against -                                     COMPLAINT

PENN CREDIT CORPORATION,

                Defendant.
------------------------------------------------------------------X

     Plaintiff Michael Korsinsky ("Plaintiff"), by his attorneys KORSINSKY & KLEIN LLP, brings this Action against Defendant Penn Credit Corporation ("Penn Credit") and alleges:

## INTRODUCTION

1. This Action arises out of the illegal practices of Defendant Penn Credit Corporation, which unlawfully engaged in an attempt to collect a consumer debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## PARTIES

2. Plaintiff is a citizen of the State of New York who resides in Kings County, within this District.

3. Upon information and belief, as described further below, the alleged debt that Penn Credit sought to collect involves a consumer debt within the meaning of the FDCPA.

4. Upon information and belief, Penn Credit's principal place of business is in Harrisburg, Pennsylvania.

5. Penn Credit is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Penn Credit is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this District.

## FACTS

9. Upon information and belief, on a date better known by Penn Credit, Penn Credit began to attempt to collect an alleged consumer debt from a person named "Stephen Hersch". Plaintiff is not related to "Stephen Hersch".

10. On Sunday, December 30, 2012, within the one year immediately preceding the commencement of this Action, Penn Credit called Plaintiff's phone in Brooklyn, New York. When Plaintiff answered the phone, he heard a recorded message inquiring whether he was "Stephen Hersch" and instructing him that if he was "Stephen Hersch" to "press 1 on your phone to receive" a message for Mr. "Hersch".

11. Plaintiff is not "Stephen Hersch". The call, made, upon information and belief, by an autodialer, did not give Plaintiff the option of connecting with an individual to advise that he was not "Stephen Hersch" and to have his, Plaintiff's, number removed by Defendant as a number for "Stephen Hersch".

12. The autodialer left a phone number, (800) 900-1367. It did not otherwise identify who was calling.

13. The caller failed to identify himself as a debt collector attempting to collect a debt, nor did he state the legal name of the entity on whose behalf he was calling, i.e., Penn Credit.

14. By doing an Internet search, Plaintiff identified the phone number as one under the control of Penn Credit.

15. Upon information and belief, the said message was recorded.

16. The said telephone-message violated 15 U.S.C. § 1692d because by making it Penn Credit "engage[d] in . . . conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt".

17. The use of a recorded message without affording the person receiving the call the option of identifying himself or herself as not being the person for whom the phone rang, in this case "Stephen Hersch", constituted harassment and thus was a violation of 15 U.S.C. § 1692d.

18. The recording afforded Plaintiff the ability to receive "a message" if he was "Stephen Hersch", i.e., by pressing "1" on his phone. It did not provide the option of connecting with a person if, as was the case, he was not "Stephen Hersch", by, for example, pressing "2" on his phone. It did not allow Plaintiff to speak to a person on the call.

19. The said telephone-message is in violation of 15 U.S.C. §§ 1692e(10) and (11) for failing to indicate that the message was from a debt collector which constitutes a deceptive practice and 15 U.S.C. §1692d(6) for failing to leave the proper name of the company.

20. 15 U.S.C. § 1692e(10) prohibits "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer".

21. 15 U.S.C. § 1692e(11) outlaws "The failure to disclose . . . if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and

the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action".

22. 15 U.S.C. § 1692d provides that it is harassing or abusive and thus a violation of the FDCPA to place "telephone calls without meaningful disclosure of the caller's identity".

23. On Saturday, January 12, 2013, within the one year immediately preceding the commencement of this action, Penn Credit again called Plaintiff's phone. Plaintiff's caller-ID identified the call as coming from "(800) 900-1367", the telephone number referred to above as being Penn Credit's.

24. Accordingly, Plaintiff has suffered injurious exposure to Penn Credit's unlawful communications.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

25. Plaintiff re-states, re-alleges, and incorporates herein by reference the foregoing paragraphs as if they were set forth fully in this claim for relief.

26. Penn Credit's actions as set forth above in the within complaint violate the Fair Debt Collection Practices Act.

27. Because Penn Credit violated of the Fair Debt Collection Practices Act, Plaintiff is entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant:

    (i)    Awarding statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692k;

(ii) Awarding Plaintiff attorney's fees, litigation expenses, and costs incurred in bringing this action; and

(iii) Granting such other relief as this Court deems appropriate and just under the circumstances.

Dated: New York, New York
September 4, 2013

                                        KORSINSKY & KLEIN, LLP

                                        By:   */s/ Joseph P. Garland*
                                              Joseph P. Garland
                                        2926 Avenue L
                                        Brooklyn, New York 11260
                                        212-495-8133
                                        *Attorneys for Plaintiff*